UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:17-cv-20115/WILLIAMS/SIMONTON

DW, a minor, by and through his
mother and natural guardian, CW,

    Plaintiff,

vs.

CARNIVAL CORPORATION
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE ("Carnival"), by and through undersigned counsel, hereby answers Plaintiff's Third Amended Complaint and Demand for Trial by Jury ("Complaint"), asserts affirmative defenses, and states as follows:

### PARTIES AND JURISDICTION

1. Admitted that Plaintiff seeks damages in excess of the jurisdictional minimum requirements of the Court, denied as to Plaintiff's entitlement thereto.

2. Admitted that this Court has jurisdiction over this matter and that venue is proper. Otherwise, denied.

3. Unknown, therefore denied.

4. Admitted for purposes of jurisdiction and for this litigation only.

**MASE TINELLI P.A.**

5. Admitted for purposes of this litigation only that Carnival is subject to the jurisdiction of this Court.

6. Admitted for purposes of this litigation only that Carnival is subject to the jurisdiction of this Court.

7. Denied.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

8. Admitted that Plaintiff alleges that an incident occurred on June 6, 2016.

9. Admitted that Plaintiff alleges an incident occurred on or about 5:30 p.m. – 6:00 p.m. on the subject date.

10. Admitted that Plaintiff alleges an incident occurred on the Carnival *Victory* and that Plaintiff was lawfully aboard the subject vessel at the time of the alleged incident. Otherwise, denied.

11. Admitted that the individuals that would be sailing with Plaintiff and his family were identified. Denied as to the remainder.

12. Unknown, therefore denied.

13. Denied.

14. Denied as an inaccurate and incomplete statement of law.

15. Admitted that Plaintiff alleges he was sleeping in his cabin at the time of the incident. Otherwise, unknown, therefore denied.

16. Unknown, therefore denied.

17. Denied.

18. Denied.

19. Unknown, therefore denied.

20. Unknown, therefore denied.

21. Admitted that Plaintiff alleges a passenger got into Plaintiff's bed.

22. Denied.

23. Denied.

24. Unknown, therefore denied.

25. Admitted that Plaintiff's father went to the subject cabin after the alleged incident.

26. Unknown, therefore denied.

27. Unknown, therefore denied.

28. Unknown, therefore denied.

29. Unknown, therefore denied.

30. Denied.

31. Denied.

32. Admitted only that Plaintiff's parents contacted shipboard personnel following the alleged incident.

33. Admitted that the passenger was removed from the subject cabin.

34. Denied.

35. Admitted only that the passenger's parents were notified. Denied as to the remainder.

36. Unknown, therefore denied.

37. Unknown, therefore denied.

38. Denied.

39. Denied.

40. Denied.

CASE NO.: 1:17-cv-20115/WILLIAMS/SIMONTON

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT I
## NEGLIGENCE

### Failure to Warn

50. Carnival reincorporates and adopts by reference its response to paragraphs 1 through 49 as if fully set forth herein.

51. Denied as an inaccurate and incomplete statement of law.

52. Denied as an inaccurate and incomplete statement of law.

53. Denied as an inaccurate and incomplete statement of law.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**MASE TINELLI P.A.**

61. Denied.

**Negligent Design, Negligent Installation and Negligent Maintenance**

62. Denied as an inaccurate and incomplete statement of law.

63. Denied as an inaccurate and incomplete statement of law.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**Failure to Monitor an Inebriated Passenger; Failure to Enforce Policies regarding Outside Alcohol and/or Over-Service of Alcohol to an Underage Passenger**

78. Denied as an inaccurate and incomplete statement of law.

79. Denied as an inaccurate and incomplete statement of law.

80. Denied.

81. Denied.

**MASE TINELLI P.A.**

82. Admitted that the quoted language can be found on the Carnival website on the date of this pleading.

83. Denied.

84. Unknown, therefore denied.

85. Denied.

86. Admitted that the quoted language can be found on the Carnival website on the date of this pleading.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## Negligence of the Ship's Medical Staff

97. Denied as an inaccurate and incomplete statement of law.

98. Denied as an inaccurate and incomplete statement of law.

99. Denied.

100. Denied.

101. Denied.

102. Denied as an inaccurate and incomplete statement of law.

103. Denied.

104. Denied as an inaccurate and incomplete statement of law.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Carnival reincorporates and adopts by reference its response to paragraphs 1 through 113 as if fully set forth herein.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

7
**MASE TINELLI P.A.**

CASE NO.: 1:17-cv-20115/WILLIAMS/SIMONTON

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At no time did Defendant have any constructive or actual notice or knowledge of the alleged risk-creating condition.

### SECOND AFFIRMATIVE DEFENSE

Third parties over whom Defendant, at the time of their actions, had no control over and their intentional acts are the proximate cause of any loss, injury, or damage to Plaintiff and accordingly, his claim against Defendant must be reduced in proportion to these individuals' liability.

### THIRD AFFIRMATIVE DEFENSE

The unforeseeable criminal acts of a third party or parties are the proximate cause of any loss, injury, or damage to Plaintiff, and accordingly, his claim against Defendant is barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was comparatively negligent and accordingly, any claim against Carnival and any damages which may be awarded must be reduced in proportion to Plaintiff's own comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

At no time did Defendant have any constructive or actual notice of any propensity for misconduct on the part of Plaintiff's alleged assailant(s).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to follow the advice of his doctors and has failed to otherwise mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for any and all monies paid by third parties and/or collateral sources that are related in any way to the above-styled action.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, of Plaintiff and the derivative injury and damages, if any, of Plaintiff were proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated and remote to any action or inaction of CARNIVAL, which said separate distinct unrelated actions of others or events or accidents were the sole proximate cause of Plaintiff's alleged injuries and damages, if any, for which CARNIVAL cannot be liable.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are fraud in whole or part.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

CASE NO.: 1:17-cv-20115/WILLIAMS/SIMONTON

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are governed by general maritime law and any recovery is limited by general maritime law.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to General Maritime Law, foreign law applies and/or supplements the law applicable to this matter.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is governed by and subject to the terms, conditions, and limitations of the contract of passage, and Defendant adopts and incorporates by reference the same herein in their entirety.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff, through his parents, consented to a shipboard medical examination.

WHEREFORE, Defendant, CARNIVAL CRUISE LINES, having answered Plaintiff's Third Amended Complaint and raised affirmative defenses thereto, prays that Plaintiff's action be dismissed with prejudice.

Respectfully submitted,

MASE TINELLI, P.A.
*Attorneys for Defendant*
2601 S. Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: */s/ Christine Dimitriou*
CURTIS MASE
Florida Bar No.: 478083
cmase@masetinelli.com
CHRISTINE M. DIMITRIOU
Florida Bar No.: 99381
cdimitriou@masetinelli.com

CASE NO.:  1:17-cv-20115/WILLIAMS/SIMONTON

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2017, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Christine Dimitriou*
CHRISTINE M. DIMITRIOU

## SERVICE LIST

Spencer M. Aronfeld, Esq.
Matthias M. Hayashi, Esq.
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Blvd.
Coral Gables, Florida  33134
Tel:  (305) 441-0440
Fax: (305) 441-0198
Aronfeld@aronfeld.com
MHayashi@aronfeld.com
*Attorneys for Plaintiff*

19059/#196